IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JANE DOE,

                Plaintiff,        Hon. _____

v.                                                      No. _____

FOREST HILLS SCHOOL DISTRICT,
DANIEL BEHM, Superintendant,
in his Official and Individual Capacities;
TERRY URQUHART, Principal,
in his Official and Individual Capacities;
and ANNE EDSENGA, Assistant Superintendent
and Title IX Coordinator,
in her Official and Individual Capacities;

                Defendants.
_____/

Anne Buckleitner (P59832)
Smietanka, Buckleitner, Steffes and Gezon
4250 Chicago Drive, S.W., Suite B
Grandville, MI  49418
616/667-2217

Neena Chaudhry
National Women's Law Center
11 Dupont Circle, N.W., Suite 800
Washington, D.C. 20036
202/588-5180

## **PLAINTIFF'S BRIEF IN SUPPORT OF**
## **MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

The Plaintiff, through her attorneys, the NATIONAL WOMEN'S LAW CENTER and SMIETANKA, BUCKLEITNER, STEFFES & GEZON, has moved this Court for leave to proceed in the above-captioned matter under a pseudonym.

Plaintiff has brought this motion under the pseudonym "Jane Doe." Simultaneously with this Motion Plaintiff has filed a Complaint alleging a cause of action arising from Defendants' deliberately indifferent response to a student-on-student sexual assault of Plaintiff on school premises, and to subsequent sex-based harassment by her attacker and other students. Defendants' failure to promptly and appropriately investigate and respond to the assault subjected Plaintiff to further sexual harassment and a hostile environment, effectively denying her access to educational opportunities. The underlying cause of action alleges violations of Title IX and the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution. Plaintiff has recently turned 18 years of age and as of this filing remains a student at the same high school where the actions giving rise to the underlying action occurred.

By way of background, Plaintiff was a fifteen year old minor when she reported having been sexually assaulted during her Sophomore year at Forest Hills Central High School. The subsequent deficient investigation and discipline of the attacker by school officials created notoriety for Plaintiff that has already caused Plaintiff considerable pain and suffering. Her notoriety at Forest Hills Central is an unfortunate fact regardless of whether she proceeds under a pseudonym, but she seeks anonymity in the public pleadings associated with this litigation to minimize her notoriety beyond the high school campus and to avoid exacerbating the harassment and public attacks that she has endured up to this point.

Plaintiff acknowledges the general rule that a Complaint must state the name of every party. Fed.R.Civ.P. 10(a). The 6th Circuit, however, has under certain circumstances excused plaintiffs from identifying themselves if, after assessing certain considerations, the Court concludes that a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). The *Porter* court identified

four categories for consideration: whether plaintiffs seeking anonymity are seeking to challenge governmental activity; whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and whether the plaintiffs are children." *Id* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). The Court of Appeals of Michigan has philosophically aligned itself with the Sixth Circuit by identifying two circumstances in which a plaintiff may proceed pseudonymously: "if prosecution of the suit compels the plaintiff to disclose information of a private nature [and]; the plaintiff seeks to challenge governmental or private activity[.]" *Doe v. Bodwin*, 119 Mich. App. 264, 267 (1982).

Plaintiff's Complaint in the underlying matter does challenge a governmental activity. Plaintiff asserts that her school district and its officials were deliberately indifferent to her right to equal access to a safe educational environment, and asserts resulting civil rights violations.

Plaintiff's Complaint arises from her report to school officials of sexual violence on school premises and the defendants' response to that attack. Prosecution of this case, therefore, by its nature, will compel Plaintiff to disclose information of an inherently private nature.

Finally, Plaintiff was a minor at the time of the sexual assault and during the resulting years of ongoing sexual harassment that she endured. She has only just turned 18 years of age, and although no longer a minor, is still of tender years.

Plaintiff has satisfied three of the factors that should be considered to assess whether she should be allowed to proceed pseudonymously: she is presenting a challenge to governmental action; her complaint arises from the aftermath from sexual violence which is inherently private; and Plaintiff is a very young woman and was a minor at the time of her attack and during the

3

aftermath of that attack. The Plaintiff has therefore set forth privacy interests that substantially outweigh the presumption of open judicial proceedings.

Plaintiff further points out that her true name is already known to all Defendants as a result of the nature of the events complained of, as well as because of recently concluded Department of Education administrative civil rights investigation into the facts giving rise to this action. She is of course willing to disclose her true name to this Court and to Defendants under conditions as may be ordered by this Court, as her interest is only to avoid the association of her name with pleadings that will become part of the public record.

Wherefore, the Plaintiff respectfully requests that this court grant her motion for leave to proceed under the pseudonym of "Jane Doe" in any and all pleadings and documents which are a part of the public record.

|  |  |
|---|---|
|  | SMIETANKA, BUCKLEITNER, STEFFES & GEZON |
|  | /s/ Anne Buckleitner |
|  | Anne Buckleitner (P59832)<br>Co-Counsel for Plaintiff Jane Doe<br>4250 Chicago Drive, SW, Suite B<br>Grandville, MI 49418 |
| Dated: April 18, 2013 | 616/667-2217 |
|  | NATIONAL WOMEN'S LAW CENTER<br>/s / Neena Chaudhry |
|  | Neena Chaudhry<br>Co-Counsel for Plaintiff Jane Doe<br>11 Dupont Circle, N.W., Suite 800<br>Washington, D.C., 20036 |
| Dated: April 18, 2013 | 202/588-5180 |